**The below described is SIGNED.**



Dated: September 02, 2005

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re:<br><br>ROCHELLE BEUTLER,<br><br>Debtor(s). | Bankruptcy Number: 05-29359<br><br>Chapter 7 |
|---|---|

## MEMORANDUM DECISION

Before the Court is the Chapter 7 Trustee's (Trustee) Objection to Homestead Exemption. Arguments and evidence were presented to the Court on August 17, 2005. Duane Gillman, the Trustee, appeared at the hearing. Roger Kraft appeared at the hearing on behalf of the debtor Rochelle Beutler (Debtor). Having considered the evidence presented, counsels' arguments, the relevant pleadings, and having made an independent review of relevant case law, the Court issues the following decision.[1]

### I. BACKGROUND

The Debtor filed her Chapter 7 petition on June 13, 2005 listing her street address as 922 East 10715 South, Sandy, Utah 84094. The Debtor also filed her Statement of Financial Affairs

---

[1] Judge Terrence Michael, visiting judge from Oklahoma, issues this memorandum decision.

and Schedules. Schedule A listed the Debtor's interest in her "Former Residence" located at 1062 West 105 North, Orem, Utah (the "Real Property"). The Debtor also claimed on Schedule C a $20,000 homestead exemption in the Real Property under Utah Code Ann. § 78-23-3.

The Trustee objects to the claimed exemption because the Real Property does not qualify as the Debtor's primary personal residence under Utah Code Ann. § 78-23-3(2)(a)(ii). In response, the Debtor submitted a declaration (Declaration) stating that due to marital problems she had temporarily moved out of the Real Property, but left the majority of her personal property there, returned often for over-night visits, and always intended the Real Property to be her permanent residence.

## II. DISCUSSION

When determining the validity of a claimed state law exemption, this Court looks to applicable state law.[2] Utah has opted out of the federal bankruptcy exemption scheme, and the Debtor can only claim the exemptions provided by Utah law.[3] The Utah Code allows a debtor a $20,000 homestead exemption in his/her primary personal residence. The Utah Code defines "primary personal residence" as:

> a dwelling or mobile home, and the land surrounding it, not exceeding one acre, as is reasonably necessary for the use of the dwelling or mobile home, in which the individual and the individual's household reside.[4]

---

[2] *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 754 (10th Cir. 2003).

[3] *See* UTAH CODE ANN. § 78-23-15 (2004).

[4] UTAH CODE ANN. § 78-23-3(1)(c) (2004).

The Utah Court of Appeals recently ruled that "occupancy is a requirement for the [primary personal residence] exemption."[5] The Trustee has the burden of establishing by a preponderance of the evidence that the Debtor is not entitled to claim the primary personal residence exemption.

The petition and the Debtor's schedules both indicate that the Debtor was not occupying or residing at the Real Property when the Chapter 7 petition was filed. Under *Houghton* it would appear that this Debtor is not entitled to the primary personal residence exemption because she did not reside at the home when the petition was filed. However, *Houghton* is distinguishable. In *Houghton*, the court determined that a wife, who did not reside or occupy the home at the time a judgment lien attached, could not subsequently claim a primary personal residence exemption in the home. The court focused on the fact that any exemption claimed by the wife did not arise until after the judgment lien attached. The pending case is distinguishable because it appears that the Debtor was entitled to claim the primary personal residence exemption prior to filing. Unlike *Houghton*, this Court is not dealing with a subsequent acquisition – instead it is dealing with the Debtor's already acquired right to claim the exemption.

The Declaration states that the Debtor was only "temporarily staying with family members," that she never "secure[d] any other permanent residency in the form of an apartment or home rental or lease," and that she "always considered [the Real Property] to be [her] primary permanent residence." The Court has been presented with two conflicting sworn statements by the Debtor – neither preponderates regarding whether the Real Property is the Debtor's primary personal residence. It is well established that exemptions should be construed liberally in favor

---

[5] *Houghton v. Miller*, __ P.3d __, (Utah 2005), No. 20040007-CA, 2005 WL 1532913, at *3.

of debtors.[6] The Utah Supreme Court has stated that the purpose of the homestead exemption "is to protect the dependent and helpless and to insure such persons shelter and support."[7] The weight of the evidence presented being equal, this Court finds that the Trustee has failed to establish by a preponderance of the evidence that the Debtor is entitled to claim the $20,000 primary personal residence exemption.

### III. CONCLUSION

For the reasons stated above, the Court overrules the Trustee's Objection to Homestead Exemption and finds that the Debtor is entitled to claim a $20,000 exemption in the Real Property. A separate order will be issued.

------------------------------------------END OF DOCUMENT------------------------------------------

---

[6] *In re Kunz*, 99 P.3d 793, 794 (Utah 2004) (stating that when interpreting a Utah statute, courts should liberally construe exemption statutes in favor of debtors).

[7] *Sanders v. Cassity*, 586 P.2d 423, 425 (Utah 1978) (internal citations and quotations omitted).

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Roger A. Kraft
8813 South Redwood Road
Suite A
West Jordan, UT 84088
    Attorney for Debtor

Rochelle Beutler
1062 West 105 North
Orem, UT 84057
    Debtor

Duane H. Gillman tr
McDowell & Gillman, P.C.
50 West Broadway
Suite 1200
Salt Lake City, UT 84101
    Chapter 7 Trustee

Office of the United States Trustee
Boston Building, Suite 100
9 Exchange Place
Salt Lake City, Utah 84111